**Sergejs DEMARCUKS, Petitioner–Appellant,**

v.

**DEPARTMENT OF HOMELAND SECURITY and the Executive Office for Immigration Review, Respondents–Appellees.**

No. 03–41057.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Jack Sachs, New York, NY, for Petitioner–Appellant.

Patricia C. Hannigan, Assistant United States Attorney, for Colm F. Connolly, United States Attorney for the District of Delaware, Wilmington, DE, for Respondents–Appellees.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges and Hon. EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the BIA be and hereby is **VACATED** and this matter remanded for further proceedings.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

■ Sergejs Demarcuks, through counsel, petitions for review of a BIA order affirming, without opinion, a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume familiarity with the facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard. *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

First, we find that the IJ's adverse credibility finding cannot stand, because the IJ failed to articulate "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhang*, 386 F.3d at 74. The only reason she gave for her adverse credibility finding was supposed inconsistency between the country report in evidence and Demarcuks' account.[1] However, we find these supposed inconsistencies insufficient to support her finding, and in some cases based on erroneous understandings of the facts in the record. For example, the IJ stated that Demarcuks' testimony that he was not permitted to attain Latvian citizenship was contradicted by the country report's indication that many ethnic Russians have been able to do so. However, while the IJ was aware that the citizenship law placed restrictions on former members of the Soviet military, she apparently did not notice that Demarcuks testified that he had been such a member of the military. His testimony was thus entirely consistent with the country report in this respect.

■ Second, the IJ stated, without explanation, that the events Demarcuks described, even if his testimony were credited, would not constitute past persecution. Considering the events described, including instances of violence against Demarcuks, the IJ was required to provide sufficient reasoning to at least permit judicial review of her conclusion. *See Ivanishvili v. United States DOJ*, 433 F.3d 332, 344 (2d Cir.2006). This conclusion, too, is vacated.

■ Finally, the IJ stated that Demarcuks "ha[d] not established why he could not have relocated" to another part of Latvia to avoid persecution. Asylum may be denied, even upon a showing of past persecution, if the IJ finds, by a preponderance of the evidence, that the applicant "could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(B). The IJ improperly put the burden of proof on Demarcuks to show that he could *not* have relocated, and so this conclusion was improper.

Accordingly, we **VACATE** the decision of the BIA and remand this case for further proceedings consistent with this order.

**Bardhyl KOLLACKU, a.k.a. Besnik Bajraktari, Petitioner,**

v.

---

1. While the IJ stated that she had observed Demarcuks' demeanor, she did not assert that these observations had influenced her decision.